PRESLEY P. RAINS' HEIRS AND ADM'R v. JOHN McMILLS
AND OTHERS.

See this case as to the identity of the land, in a suit for specific performance, where the agreement to convey had been lost.

Appeal from Harrison. The petition described the land as follows : " a certain tract or parcel of land in the said county of Harrison, on the Walling Ferry road, about fifteen miles from Marshall, containing about one hundred acres, bounded on the east by the land of Albert Jones, on the south by that of Thomas W. Clark, on the north by that of Benjamin Kimberling and on the west by the lands of James, King and Forest; that the said tract of land was the place of residence of the said John A. Ursery at the time of his death," &c. It was alleged that the title was to be made as soon as Rains could obtain a patent upon the headright of ——— Reel. Afterwards, by amendment, the words " located upon the headright of ——— Reel " were stricken out.

The evidence as to the identity of the land was as follows : That Presley P. Rains, in 1839, lived on the Alfred Reel head-

right ; that "the Ursery place" was about a half or three-quar-
ters of a mile from where Rains then lived ; that in 1840, Mrs.
Rains, the widow of Presley P. Rains, offered to sell the same
land to witness, and that a person who, Mrs. Rains said, had
assisted her husband to run out the land for Ursery, went with
him, at the request of Mrs. Rains, and pointed out the lines ;
they found the tract in an oblong shape ; witness examined
the lines ; the person accompanying, as aforesaid, pointed out
a grave on the tract, saying it was Jack Ursery's (John A. Ur-
sery's.)   The same witness testified that he refused to buy, but
rented that year from Mrs. Rains ; that Benjamin Kimber-
ling's houses are now three or four hundred yards east of
where the Ursery houses were, on the same tract of land
known as the Ursery place, and that the Ursery place is on
the William Little headright.   Stanfield, Kimberling, Bowl-
man and Hall being next sworn, and the following description
of the land being read to them by the defendant's counsel, from
the petition, to wit : one hundred acres, bounded on the east
by the land of Albert Jones, on the south by that of Thomas
W. Clark, on the north by that of Benjamin Kimberling, and
on the west by the lands of James, King and Forest, they each
severally testified that they knew the land thus described ;
that it is on the Alfred Reel headright ; that there never have
been any houses, improvements or clearing on it ; that the Ur-
sery improvements are on the William Little survey, from a
half to three-quarters of a mile from the defendant Clark's
house, which is the same place where Rains lived in 1839.
Stanfield further testified that Ursery showed him his clearing
on his south boundary line in 1838 or 1839, and pointed to
where there was a spring ; that he said it was on a piece of
land and that he could have the use of it ; witness said the
spring was on the land described above, on the Alfred Reel
survey.

The verdict of the jury, in this particular, was as follows :
" that John A. Ursery purchased from Presley P. Rains in the
year 1838, a tract of land containing one hundred acres, situ-

ated near the Walling Ferry road, about fifteen miles westerly from Marshall, in Harrison county. * * * * As relates to the evidence descriptive of the boundary of the land in question, notwithstanding some difficulties are presented, yet we inevitably conclude that the land is the same described by one of the witnesses, being in form oblong, and the same upon which Ursery made the improvement, and upon which his remains were deposited."

The judgment was in favor of the plaintiffs, for "the tract of land of one hundred acres described in the petition of the plaintiffs and in the finding of the jury."

The agreement to convey had been lost, and its existence and contents were supplied by oral evidence.

*C. M. Adams*, for appellants. The only question to which the appellants' counsel deem it necessary to call the attention of the Court, is, that the verdict is contrary to law and evidence. The jury found, that John Ursery, through whom the appellees claim, purchased the land described in the petition, from the appellants' intestate, Presley P. Rains, in the year 1838. This finding is manifestly contrary to the evidence; for all the testimony that goes to the identity of the land, clearly shows that the land described in the petition, is a different tract from that actually purchased.

*Hill* and *Wigfall*, for appellees.

HEMPHILL, CH. J. This is a suit for specific performance, by John McMills, and his wife, Nancy McMills, formerly wife of John A. Ursery, deceased, and Ann Ursery, the daughter of the said John A. Ursery.

The judgment was for plaintiff, and the objection is, that the verdict was contrary to the evidence in this, that the jury found, in effect, that John A. Ursery bought of Presley P. Rains the land described in the petition, whereas the proof was that the land, described in the petition, was a different

tract from that actually purchased. The land was described in the petition, as bounded by the lands of certain individuals, and as also the place of residence of John A. Ursery, deceased, &c. The proof established pretty clearly, that the land described as having certain boundaries was not the place of residence of John A. Ursery. This conflict would of course produce embarrassments, and the jury express their difficulties in identifying the land, but their conclusion, in effect, was, that the Ursery place was the land actually purchased; and they further found the land to be the same as described in the plaintiff's petition. Now, the Ursery place was averred to be the land purchased in the petition, and the finding that the place bought and that described is the same is not inconsistent with itself, or with the facts in evidence. The boundaries were misdescribed, and if the land, as described in the petition, could be identified only by the boundaries, then the finding would be wrong. But the boundaries are not the principal or most distinctive objects of the land, as set forth in the petition. The improvements of Ursery were the most notorious calls, and the hundred acres, including these improvements, can very properly be said to be the land described in the petition. This was the land which the jury found, from the evidence, to have been purchased, and their further finding, that the land was the same as described in the petition, is, as before said, consistent with itself and with the facts in proof.

Judgment affirmed.